# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY F. POOLE, | Case No. 1:15-cv-00511-KJM-SKO |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| KASTNER INTERMEDIATE SCHOOL, et al., | |
| Defendants. | |

On September 14, 2015, the parties filed a stipulated request for a protective order subject to the terms agreed-to by the parties. The Court has considered and approves the stipulated protective order as set forth below in all respects except the following: the Court will not retain unlimited jurisdiction to enforce the terms of the protective order. The Court will instead retain jurisdiction during the pendency of the action and for 180 days after final termination of the action, which shall occur when final judgment has been entered and all appeals have been

exhausted.

1. In connection with discovery proceedings in this action, the parties hereby designate documents as "confidential" under the terms of this Stipulation for Protective Order ("Order"). The documents protected pursuant to this Order have not been made public and the disclosure of these documents would have the effect of causing harm.

2. The documents eligible for protection under this order include:

    A. Medical information regarding the plaintiff including but not limited to patient medical, psychiatric treatment records and employment records. Public disclosure of such documents would violate the plaintiff's right to privacy.

    B. The Internal Affairs Investigation of the incident and Officer Vang's personnel file constitute the personnel records of peace officers and other employees. These documents are confidential and subject to Protective Order. Kelly v City of San Jose 114 F.R.D. 653, 672 (N.D.1987).

3. By designating documents as "confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

4. Documents produced by a party shall be designated by the party as "confidential" by bates stamping copies of the document with the word "CONFIDENTIAL."

5. Documents designated as "confidential" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of this action, and for no other purpose.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel). Confidential Material may be provided to any independent office services vendors or expert retained for consultation and/or trial. In the event that Confidential Material is given to an expert, counsel that retained the expert shall provide a copy of this Order

with the Confidential Material.

7. The Confidential Material produced pursuant to this Order will be redacted with respect to: (i) social security numbers; (ii) dates of birth; (iii) financial information (including financial account numbers); and (iv) in all circumstances when federal law requires redaction. Each redaction must be identified by showing what information has been redacted (e.g., "social security number," etc.)  This provision complies with Eastern District Local Rule 140.

8. If a party would like to use Confidential Material in Court filings, at least seven (7) days' notice shall be given to all parties.  All parties shall comply with the requirements of Eastern District Local Rule 141, in the event that a party would like Confidential Material to be sealed.  In lieu of seeking a motion to seal, the parties may agree to redact identifying information relating to any patient and/or any peace officer. Such identifying information includes but is not limited to names, identification numbers, badge number, commitment number, or other information that would disclose the identity of a patient or peace officer.

9. Nothing in this Order shall in any way limit or prevent Confidential Material from being used in any deposition or other proceeding in this action.  In the event that any Confidential Material is used in any deposition or other proceeding in this action, it shall not lose its confidential status through such use.

10. This Order is entered for the purpose of facilitating the exchange of documents between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or the production of any document under the terms of this Order, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document.

11. Nothing in this Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Order, result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

12. If Confidential Material produced in accordance with this Order is disclosed to any

person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Confidential Material and prevent further disclosure of it by the person who was the recipient of such information.

13. This Order shall survive the final termination of this action, to the extent that the Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction for 180 days following final disposition of the case.  Counsel for the parties shall destroy all Confidential Material in their possession, custody, or control within 180 (one hundred eighty) days of final termination of this action, which shall be deemed to occur only when final judgment has been entered and all appeals have been exhausted.

IT IS SO ORDERED.

Dated:   **September 20, 2015**               **/s/ Sheila K. Oberto**
                                      UNITED STATES MAGISTRATE JUDGE