# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY F. POOLE, | Case No. 1:15-cv-00511-KJM-SKO |
| Plaintiff, | **ORDER ON PLAINTIFF'S PROPOSED DISCOVERY PLAN** |
| v. | **ORDER ON DEFENDANT'S PROPOSED DISCOVERY PLAN** |
| KASTNER INTERMEDIATE SCHOOL; CLOVIS UNIFIED SCHOOL DISTRICT; CLOVIS UNIFIED SCHOOL DISTRICT POLICE DEPARTMENT; OFFICER T. VANG (ID # 917); and Does 1 through 25, | (Doc. 24) |
| Defendants. | |

The Court is in receipt of both parties' proposed discovery plans, submitted for approval pursuant to the Court's pretrial scheduling order (Doc. 15). Plaintiff's proposed discovery plan is approved except as discussed below, and the pretrial scheduling order will be amended as follows:

| | |
|---|---|
| Non-expert discovery cutoff: | **February 25, 2016** |
| Expert disclosures: | March 25, 2016 (no change) |
| Supplemental expert disclosures: | **April 27, 2016** |
| Expert discovery cutoff: | May 13, 2016 (no change) |

| | | |
|---|---|---|
| 1 | Dispositive motion hearing deadline: | June 17, 2016 (no change) |
| 2 | Pretrial conference: | September 1, 2016 at 3:30 p.m. (no change) |
| 3 | Trial: | October 24, 2016 at 9:00 a.m. (no change) |

The parties participated in a settlement conference before the Honorable Gary S. Austin on September 29, 2015. The case did not settle. (Doc. 22.) Defendants request the Court order the parties to engage in private mediation within the next 60 days, and requests that certain limitations be placed upon fact discovery prior to private mediation. Plaintiff states that "[i]t does not appear . . . that a further mediation will be successful."

The parties may discuss the possibility of private mediation among themselves to determine whether further alternative dispute resolute would be beneficial. If the parties determine that a further settlement conference would be beneficial, the Court is available to set a further settlement conference before a United States Magistrate Judge. The Court, however, will not order the parties to engage in mediation based upon one party's unilateral request. Therefore, Defendants' request for an order instructing the parties to submit to private mediation is denied.

Plaintiff has proposed a discovery plan limiting each party to a maximum of 10 depositions (exclusive of expert witnesses) limited to no more than 4 hours "unless extended by agreement of the parties or by a Court Order." Defendants request that depositions be allowed up to 7 hours -- the maximum length of time provided for per Fed. R. Civ. P. 30(d)(1). Given that Plaintiff has not articulated good cause to limit the length of any deposition to 4 hours, *see* Fed. R. Civ. P. 30(d)(3), the Court will deny without prejudice Plaintiff's preemptive request to limit the length of the parties' depositions to 4 hours.

Defendants further request that the Court order Plaintiff "to provide authorizations for the release of records to defense counsel pertaining to her psychological treatment and testing" by November 2, 2015, and "to submit to psychological testing and evaluation and an orthopedic examination" by January 4, 2016. There is no indication in either parties' pleadings that this production and examination has been stipulated to by Plaintiff. As these requests are more appropriately the subjects of a subpoena, a motion to compel response to a subpoena, or a Fed. R.

2

Civ. P. 35 motion for physical and/or mental examination, the Court will deny without prejudice Defendants' requests at this time.

IT IS SO ORDERED.

Dated:   **October 20, 2015**                              **/s/ Sheila K. Oberto**
                                                              UNITED STATES MAGISTRATE JUDGE